## ADMINISTRATORS—JUDGMENTS—PARTIES PARTNERSHIP.        114

[Butler Circuit Court, September Term, 1890.]

Swing, Cox and Smith, JJ.

†NELSON WILLIAMS, ADM'R. v. LUKE BRADLEY ET AL.

1. JOINT LIABILITY BECOMES SEVERAL UPON DEATH OF A PARTNER.

B. and M. recovered a judgment against S., and W., as administrator of the estate of C., on a joint liability of S. and C., as partners. B. and M. received certain dividends on this judgment claim from N. who had been appointed as receiver for the insolvent firm of S. and C., and subsequently they presented to W., as administrator of the estate of C., a claim for the allowance of the balance due on the judgment, as a valid claim against said estate, but it was rejected by the administrator, and an action was then brought on such judgment by B. and M. against W., as administrator of C. (S. not being joined as a defendant), to recover the balance due thereon. The estate of C. is insolvent, and the assets thereof are not sufficient to pay his individual creditors, and the assets of the late partnership of S. and C. are not sufficient to pay the firm debts in full. Such judgment had never become dormant. Held:

That the judgment against S., and W., as the administrator of the estate of C., under the provisions of sec. 6102, Rev. Stat., was a several, and not a joint judgment, and S. was not a necessary party to an action thereon.

*For further consideration of questions relating to partnership creditors by this court, see Williams v. Bradley, 4 Circ. Dec., 570.

2. JUDGMENT AGAINST ADMINISTRATOR OF A DECEASED PARTNER MAY BE HAD ON A PART-
NERSHIP JUDGMENT FOR A FIRM DEBT.

> An action for a partnership debt may be brought against the administrator alone, on a
> judgment against one partner and the administrator of another deceased partner, and
> judgment rendered against the administrator, although second judgment could not
> change creditor's right.

3. AN ACTION LIES ON A JUDGMENT, THOUGH NOT DORMANT.

> A judgment creditor may bring a new action on his judgment, though it is not dormant,
> and was rendered by a court of this state.

4. SECOND JUDGMENT DOES NOT DISTURB PRIORITY OF INDIVIDUAL CREDITORS IN PERSONAL
ASSETS.

> But if it was founded on a partnership liability of S. and C., the recovery of the second
> judgment against W., as administrator of the estate of C. alone, would not put the
> plaintiffs in any better position as to payment from the individual assets of the estate,
> than that before occupied by them. The rule that the individual assets of an insolvent,
> a member of an insolvent partnership, should be first applied to the payment of his
> individual debts, and the partnership assets be first applied to the payment of the part-
> nership creditors, would seem to apply as well after, as before the second judgment.

5. JUDGMENT AGAINST ADMINISTRATOR NEED NOT BE PRESENTED FOR ALLOWANCE, AND
NOT BARRED IN SIX MONTHS.

> Where judgment has been entered against an administrator or upon a claim it is not
> necessary to present it to the administrator for allowance, and if presented and rejected,
> a failure to sue upon it for six months will not bar the claim.

Error to the Court of Common Pleas of Butler county.

SMITH, J.

The facts in this case as they appear from the record, are these:

On August 22, 1885, Luke Bradley and Chris. Morlein, two of the assignees of Louis Songhen, an insolvent, (Joseph Curtis being the other assignee, but who refusing to join in the action as plaintiff, was made a defendant), sued Peter W. Shepherd and said Joseph Curtis, partners under the firm name of "The Hamilton Bank," to recover from them about $9,260 (with interest thereon), alleged to have been deposited with said firm by the assignees of Songhen, and which had not been repaid, though often demanded.

During the pendency of this action, Curtis died, and Mr. Williams having been appointed as the administrator of his estate, was made a defendant thereto, and at the October term, 1886, of the court of common pleas, a judgment was rendered therein, finding that there was due to the said plaintiffs, as assignees as aforesaid, "from the said defendants Peter W. Shepherd, and Nelson Williams, administrator of Joseph Curtis, deceased, $10,892.31;" and it was "considered by the court that said plaintiffs, as assignees of Louis Songhen, recover of the said defendant, Peter W. Shepherd and Nelson Williams, administrator of Joseph Curtis, deceased, said sum of $10,892.31," etc.

On March 3rd, 1888, the same plaintiffs, as surviving assignees of Songhen, commenced an action on this judgment against Mr. Williams, as administrator of Curtis alone—setting out the recovery thereof; that sundry payments had been made thereon by Col. Neal, who had been appointed as receiver of the property of Shepherd & Curtis; that Shepherd was insolvent, and that the receiver would be able to pay but a small additional dividend thereon, and not nearly the full amount thereof; and that on October 15, 1887, they had presented their claim on this judgment to Williams as administrator of Curtis, for allowance, as a claim against said estate, and that he had rejected it. And a judgment for the balance was asked Williams as such administrator.

The answer alleged that the judgment was not rendered for an individual debt of Curtis, but was on an obligation of the firm of Shepherd & Curtis, of which firm Joseph Curtis was a member, and that the assets of the firm of Shepherd & Curtis must first be applied to the payment thereof, before the estate of Curtis could be held liable therefor. The reply alleges that the judgment was against Shepherd, and Williams, as the administrator of Curtis, as individuals.

The evidence taken in the case showed the record of the judgment; that plaintiffs had presented their claim on which the judgment was founded, to Col. Neal, the receiver of the firm of Shepherd & Curtis, and the payment by him of several dividends thereon, and that there would probably be another dividend paid by him, but not nearly enough to pay the claim in full, and that Curtis' individual estate was insolvent, and that his assets were only sufficient to pay about sixty per cent. of his individual debts.

On this showing the court of common pleas rendered a judgment against Williams, as administrator of Curtis, for the amount found to be due. Was this proper and right?

It is claimed on behalf of the administrator of Curtis that it was erroneous, 1st, for the reason that the judgment on which the action was predicated was a joint judgment only, against Shepherd and the administrator of Curtis, and that Shepherd being a necessary party to this action, was not sued with Williams.

On this point, it may be said that the question of Shepherd being a necessary party, was not raised by the answer, or by way of a plea in abatement, as should have been done. But by the provisions of sec. 6102, Rev. Stat., a judgment rendered against one of two joint debtors, and the administrator of the estate of another, is a several and not a joint judgment. See Burgoyne v. Ins. Co., 5 O. S. 586. This being so, in an action brought against the administrator thereon, it was not necessary to make Shepherd a party thereto.

Second—It is also urged by plaintiff in error that the plaintiffs below ought not to have been allowed to maintain the action against the administrator of Curtis, for the reason that if a judgment was rendered against the defendant thereon, that it would give to the plaintiffs an undue advantage over the individual creditors of Curtis, by entitling them not only to a claim against the partnership assets of Shepherd & Curtis, but against the individual assets of Curtis, and that in this way would be violated the principle of law and equity, which requires that "in the distribution of the joint and separate assets of insolvent partners, the individual assets of a partner should be first applied to the debts of his individual creditors, and the partnership assets first to the partnership debts." Lawson v. Bissell, 7 O. S. 130.

But we are of the opinion that there is no reason why the judgment should not be rendered on the claim; and that it does not at all follow, that if it be rendered, that the plaintiffs, as to the individual assets of the estate of Curtis would stand on the same footing as his individual creditors, and be entitled to share with them in the distribution of those assets. If their claim is one against the partnership, as it is conceded to be, and they have presented their claim to the receiver, and taken dividends thereon from the partnership assets (as it is admitted they have), it is altogether probable that they can not share in the individual assets of Curtis' estate, until his individual creditors are fully paid. But as has been said, this is no reason why a judgment may not be recovered against the administrator on his individual liability for the debts of the firm—the manner in which it is to be paid, being left to be settled and determined in accordance with settled principles of law.

Indeed, we see no reason why the suit should have been brought. The plaintiffs already held, what in law was a several judgment against the administrator, and it was not dormant. And the obtaining of another judgment on the same claim could not in any way change their rights as to the mode of payment. Nor was it necessary to again present the claim to the administrator, judgment having already been entered upon it, and a failure to sue for six months after rejection, would not bar the claim. But we understand the law to be that a judgment creditor has a right to bring a new action on the judgment formerly recovered by him, though it be not dormant and was rendered by a court of our own state. Dows v. Harper, 6 O., 521; Tyler v. Winslow, 15 O. S., 364, 369; Bates' Plead. 503, and the cases cited.

We are of opinion, then, that the court of common pleas did not err in rendering the judgment complained of, and it will be affirmed.

Thomas Milliken and Israel Williams, for plaintiff in error.

A. F. Hume and Isaac Robertson, for defendants in error.